Temporary partial disability benefits, payable for the diminution in the capacity to earn wages, are due "where the incapacity for work resulting from the injury is partial". N.C. Gen. Stat. § 97-30. The parties stipulated that it was the defendant company's policy to terminate drivers responsible for "a major preventable accident with damages in excess of $15,000.00." Tr. p. 95. Plaintiff, a long haul truck driver, ran his rig off an interstate highway in a single vehicle accident, doing more than $40,000.00 in damage. Tr. pps. 3 and 51. He was not wearing a seatbelt, and suffered "multiple contusions", but when Dr. Milton saw him a week later, he opined that appropriate treatment was "reassurance, moist heat, and observation". The company safety director met plaintiff at the scene of the accident, and testified that plaintiff had no apparent disabling injuries. The emergency room physician predicted plaintiff would return to work in "four or five days" (Tr. Exh. p. 52), and when Dr. Milton next saw him on August 23, about two weeks after the accident and before the plaintiff knew that he was being terminated, Dr. Milton released him "prn" to return to work. After he received his termination letter, plaintiff returned to Dr. Milton with new pains below his knee and in his elbow — unverifiable by x-ray — and later in his back, where an MRI detected "very mild . . . spondylolisthesis", that was largely, if not entirely, pre-existing. Tr. pps. 42 and 44. He was seen by Dr. Sweet in mid-November, 1993, who observed that the plaintiff's "complaints are far out of proportion to what I see on his physical findings and x-ray". This observation was echoed in the functional capacity study of March 9, 1994, which noted "symptom magnification" or less than "maximum effort" during the physical tests some 10 times. Tr. Exh. p. 55. In March of 1994, plaintiff was observed driving, going up and down stairs, and even tossing an object over a second story balcony with his allegedly debilitated arm without apparent difficulty. The evidence believed by the hearing Deputy, who heard the plaintiff's testimony first hand, was more than ample to rebut the presumption of disability that arises from the defendant's acceptance of the accident as compensable. No additional presumption arises from the fact that defendant's employees chose to trust the plaintiff's complaints, and the doctor who believed them, for many weeks thereafter, and this Commission should not punish them for doing so. I see no good ground for modifying the Deputy Commissioner's opinion, and consequently, I respectfully DISSENT.
 S/ ____________________ J. RANDOLPH WARD COMMISSIONER
JRW/md